UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand and eighteen.

Present:
>JOHN M. WALKER, JR.,
>PETER W. HALL,
>RAYMOND J. LOHIER, JR.
>>*Circuit Judges.*

---

Xin Chen,

>*Petitioner-Appellant,*

v.                                                                                                  17-1319-cv

Ronald I. Chorches, Trustee, Dow Corning Corporation, Hemlock Semiconductor Corporation, Richard M. Coan, Trustee, James J. Tancredi, Judge, Jie Xiao, Debtor,

>*Respondents-Appellees.*

---

| | |
|---|---|
| *For Petitioner-Appellant*: | Brian K. Condon, Condon & Associates, PLLC, Nanuet, NY |
| *For Respondents-Appellees* | David Austin, (*for* Ronald I. Chorches), Law Office of Ronald I. Chorches, Wethersfield, CT; Patrick M. Fahey, Eric Goldstein (*for* Dow Corning |

1

Corporation & Hemlock Semiconductor Corporation), Shipman & Goodwin LLP, Hartford, CT; Tim Miltenberger (*for* Richard M Coan), Coan, Lewendon, Gulliver & Miltenberger, LLC, New Haven, CT; Sandra Slack Glover (*for* James J. Tancredi), Assistant United States Attorney, United States Attorney's Office for the District of Connecticut, New Haven, CT

Appeal from a decision entered April 18, 2017, and final judgment entered April 19, 2017, in the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's decision and judgment are **AFFIRMED**.

Appellant Xin Chen filed a petition for writ of mandamus in the district court, requesting the court order the recusal of Bankruptcy Judge Tancredi from all pending matters relating to her. The district court denied that petition. This is Xin Chen's appeal of that denial. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings which we reference only to explain our decision.

We review for abuse of discretion the denial of a petition for writ of mandamus. *See Mallard v. U.S. Dist. Court for S. Dist. Iowa*, 490 U.S. 296, 309 (1989) ("[W]e have required that petitioners [for a writ of mandamus] demonstrate a 'clear abuse of discretion,' or conduct amounting to 'usurpation of [the judicial] power.'" (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953); *De*

*Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217 (1945)) (third alteration in original)).

A judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "[T]he test to be applied is an objective one which assumes that a reasonable person *knows and understands all the relevant facts.*" *In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) (quotation marks omitted). "'[J]udicial rulings alone' the [Supreme] Court [has] observed, 'almost never constitute a valid basis for a bias or partiality motion' and 'can only in the rarest circumstances evidence the degree of favoritism or antagonism required'" for recusal. *Id.* at 644 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994) (first alteration in original)).

The district court properly denied Xin Chen's petition, and we affirm for substantially the same reasons the district court recited in its April 18, 2017 written opinion. As that court noted, Xin Chen's case does not present the "rarest circumstances" where an adverse judicial ruling implicated the degree of favoritism or antagonism required for recusal because Judge Tancredi considered the evidence presented in the first day of the hearing, when he entered the order prohibiting Xin Chen from traveling outside of the country, and soon thereafter he provided Xin Chen an opportunity to be heard. Based on Chen's testimony, Judge Tancredi then vacated the travel order and ordered the return of her passport. While Xin Chen also asserts that Judge Tancredi's order prohibiting her travel showed that he had

already decided the ultimate issue in the proceeding—whether her divorce from Jie Xiao was a sham divorce—we disagree. That Jie Xiao conducts business in and frequents China was only one of multiple reasons Judge Tancredi concluded Xin Chen should briefly be prohibited from travelling outside of the country. The travel order also pointed to Xin Chen's transfer of a significant amount of money to her parents in China after the bankruptcy case had been filed. Judge Tancredi's mention of Jie Xiao's connection to China in the travel order and his questions regarding Xin Chen's citizenship at the hearing would not cause a reasonable person, knowing and understanding all the relevant facts, to question Judge Tancredi's impartiality. *See In re Int'l Bus. Machs. Corp.*, 45 F.3d at 643.

We have considered Xin Chen's remaining arguments and find them to be without merit. Accordingly, the district court's judgment and decision and order are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk